IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**BRIGHT DAY ELECTRIC, LLC,**
a Florida limited liability company,

    **Plaintiff,**

v.                                                                    Civ. No. _____
                                                                        Hon. _____

**SERVICE MINDS, LLC,**
a Florida limited liability company,

    **Defendant.**

### SERVICE MINDS, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and in accordance with Rule 1.06 of the Local Rules, the defendant, Service Minds, LLC ("Service Minds"), hereby files this Notice of Removal and removes this action from the Seventh Judicial Circuit in and for St. Johns County, Florida to the United States District Court for the Middle District of Florida, which is the judicial district in which the state action is pending. Service Minds sets forth the grounds for removal as follows:

1.    On May 11, 2023, Plaintiff commenced this action in state court by filing a Complaint in the Circuit Court for the Seventh Judicial Circuit in and for St. Johns County, Florida, captioned *Bright Day Electric, LLC v. Service Minds, LLC*, Civil Action No. CA23-1374. (Ex. 1).

2.    Plaintiff's complaint asserts seven counts. (Ex. 1). In Count I, Plaintiff asserts a claim against Service Minds predicated upon a violation of the Lanham Trademark Act, 15 U.S.C. § 1125, *et seq*. (Ex. 1 at ¶¶ 24-28). The remaining six counts all arise under the same factual allegations as those asserted in support of Count I. (*See generally* Ex. 1).

3.    By agreement, Plaintiff effectuated service of its lawsuit upon Service Minds on July 7, 2023. (Ex. 3).

4. This civil action is removable to this Court because it arises under federal law, and, therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. at Count I). Specifically, "[f]ederal question jurisdiction exists if the plaintiff[']s suit 'arises under' the "'Constitution, treaties or laws of the United States.'" *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (quoting, in part, 28 U.S.C. § 1441(b)). As the United States Court of Appeals for the Eleventh Circuit explained in *Pacheco*, "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 13 (1983)).

5. Here, Count I of Plaintiff's complaint is expressly pled upon a federal cause of action: the Lanham Trademark Act, 15 U.S.C. § 1125, Ex. 1 at I, thereby satisfying the jurisdictional requisite for this Court's federal question jurisdiction.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's remaining claims because they arise out of the same case or controversy as Plaintiff's claims arising under the Lanham Trademark Act. (Ex. 1). All six counts stem from the same set of facts upon which Count I is predicated—Plaintiff's allegations that Service Minds unlawfully infringed upon its protected business territory. (*Id.*). These six claims assert state law iterations of the federal count: Violation of the Florida Uniform Trade Secrets Act (Fla. Stat. § 688.004) (Count II); Unjust Enrichment (Count IV); Tortious Interference with Plaintiff's Franchise Agreement. (Count V); Tortious Interference with a Business Relationship (Count VI); and Violation of the Florida Deceptive and Unfair Trade Practices Act (Count VII).[1]

---

[1] As set forth in Service Minds' affirmative defenses, Count III asserts a claim for "accounting," which is not an independently cognizable cause of action. But even if it was, that count—which is neither novel nor complex given that the relief requested by Bright Day is simply

7. Moreover, this Court's exercise of supplemental jurisdiction does not raise a complex or novel issue of state law, nor does state law predominate this litigation. 28 U.S.C. § 1367(c). There are no issues of first impression set forth in the Complaint and each claim, as pleaded, requires straightforward application of well-established law. (*See, e.g.*, Count II-VII). Finally, given that each state law claim is straightforward and all flow from the same facts as Plaintiff's federal cause of action, there exists no "exceptional circumstance" present here to warrant a refusal of supplemental jurisdiction. *Cf.* 28 U.S.C. § 1367(c)(4).

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, legible copies of all process, pleadings, and orders served in the state court action as of the date of this removal are attached hereto as Exhibit 2, and a true and accurate copy of the state court civil docket sheet is attached as Exhibit 3.

9. In accordance with 28 U.S.C. § 1446(d), Service Minds is contemporaneously filing this Notice of Removal in the underlying state court action and serving it on Plaintiff. (*See* Ex. 4).

10. Moreover, because this Notice of Removal is being filed within thirty (30) days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

11. Thus, this action is removable pursuant to 28 U.S.C. § 1331 and Service Minds removes this civil action to this Court.

WHEREFORE, for these reasons, and pursuant to 28 U.S.C. § 1446, Defendant Service Minds, LLC respectfully requests that the above-referenced action, having been properly removed from the Seventh Judicial Circuit in and for St. Johns County, Florida, be docketed and proceed in this Court.

---

a report from Service Minds concerning the alleged infringing service calls—is subject to this Court's supplemental jurisdiction in the same manner as all other state law-based counts.

Dated: July 20, 2023

                                 **SERVICE MINDS, LLC**

                                 By Spilman Thomas & Battle, PLLC

                                 /s/ Kevin L. Carr
                                 Kevin L. Carr (FL State Bar #1040698)
                                 10199 Southside Blvd., Suite 203
                                 Jacksonville, Florida 32256
                                 304.340.3800
                                 304.340.3801 (fax)
                                 kcarr@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

BRIGHT DAY ELECTRIC, LLC,
a Florida limited liability company,

    Plaintiff,

v.                                                                                          Civ. No. _____
                                                                                            Hon. _____

SERVICE MINDS, LLC,
a Florida limited liability company,

    Defendant.

## CERTIFICATE OF SERVICE

    I, Kevin L. Carr, do hereby certify that on this 20th day July, I filed the foregoing *Service Minds, LLC's Notice of Removal* and mailed a copy via U.S. Mail, postage prepaid, upon counsel for Plaintiff, addressed as follows:

        Michael Cavendish, Esquire
        200 West Forsyth St., Suite 1300
        Jacksonville, FL  32202

        /s/ Kevin L. Carr
        Kevin L. Carr (FL State Bar #1040698)